SOUTHERN RY. CO. v. CITY OF MEMPHIS.

(Circuit Court of Appeals, Sixth Circuit. November 13, 1899.)

No. 708.

On Petition for Rehearing.  Modified.
For former opinion, see 97 Fed. 819.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

LURTON, Circuit Judge.  Attention has been called by a petition to rehear, filed by the Southern Railway Company, to the fact that the resolution of the city council of Memphis required the railroad company to remove the whole of its Washington street track, including that west of Main street as well as that lying east of said street, and that a decree affirming that of the circuit court without modification would deny relief against the threatened action of the city in respect of the track on Washington street west of Main street. The opinion of the court treated the issue presented by the parties as involving only that part of the track east of Main street, for to that alone was applicable the provision that it should be operated only by horse or other animal power.  West of Main street the track might, by express provision of the grant, be operated by steam power.  It is clear that the grant has not terminated west of Main street for the reasons which apply to the track east of Main, and that, if the city has a right to remove the track west of Main on Washington, it must be so for reasons not covered by the opinion filed.  It is suggested by counsel for the appellee that, if the track east of Main cannot be operated and the franchise has terminated as a consequence of the conditions imposed by the grant, the track west of Main must likewise fail for want of any physical connection with the principal tracks of the company owning it.  The facts show, however, that the Memphis & Charleston Railroad Company had a track over Broadway, which connected with a track of the Illinois Central Railroad on the river front, and that the west end of this Washington street track also connects on the river front with this Illinois Central track.  It also appears that by paying transfer charges the Memphis & Charleston Railroad Company and its successor, the Southern Railway Company, may and does use this connection, and thus utilizes its own track on the river front west of Washington, and may in the same way use its track on Washington between Front and Main.  There is shown, therefore, no such impossibility of use or long-continued disuse of the track west of Main as to justify a decree based on either abandonment or inherent limitation by impossibility of future use. The decree of the court below will therefore be so modified as to continue the injunction granted so far as to restrain any removal of the track west of Main street, but in other respects the decree will be affirmed.  In view of this modification of our former decree, the costs of appeal must be divided, the appellee paying one-third and appellant the remainder.